THE CITY OF MENASHA and another vs. THE MILWAUKEE & NORTHERN RAILROAD COMPANY.

*March 30 — April 19, 1881.*

*Conditional order: Appeal.*

An injunctional order was granted against defendant with a provision that plaintiff should file a certain bond and serve a copy thereof on defendant's attorney, within ten days, or the order should be denied. On defendant's appeal from that order, the record fails to show that any such bond was filed. *Held*, that the appeal, not appearing to be from an order in force, must be dismissed.

APPEAL from the Circuit Court for *Winnebago* County. The cause was submitted on the brief of *E. Mariner* for the appellants, and that of *Chas. W. Felker* for the respondent.

COLE, C. J. This is an appeal by the *Milwaukee & Northern Railroad Company* from an order enjoining it from extending its road "to connect within three miles of the depot

JANUARY TERM, 1881.        139

The City of, Menasha and another vs. The Milwaukee & Northern R. R. Co.

of the Milwaukee & Northern Railway Company, in the city of Menasha, with any other railway, so as to permit the passage of cars from one road to the other, otherwise than north of the north branch of Fox river, or west of Lake Buttes des Morts." The injunctional order bears date November 6, 1880, and provided that the plaintiffs, within ten days of the date thereof, execute and file with the clerk of the court a bond, with two sufficient sureties, to be approved by the circuit judge, in the penal sum of $20,000, conditioned to pay all damages which should come to the defendants, or either of them, by reason of the injunction. The order further provided that if such bond were not so filed and a copy served on the defendant's attorney within the said ten days, the motion for the injunction should be denied.

Now, the record fails to show that any proper bond was ever executed and filed as required by the injunctional order. It is very plain that unless the proper bond was given, in the form and within the time specified in the order, the injunction fell, and there is nothing to sustain this appeal. The injunction was granted upon a condition which it does not appear was ever performed by the plaintiffs. Consequently the rights of the defendant could not have been injuriously affected or impaired by it. It was mere *brutum fulmen*, and could have prejudiced no one.

The learned counsel upon both sides have argued the question as to the rightfulness of the injunction, as though it were still in force. But we cannot go into that question as the record now stands. Presumably the injunction fell on account of the failure of the plaintiffs to execute and file a bond in conformity to the order; and, as we have already said, it does not appear that there was anything to appeal from — anything which could possibly operate to the prejudice of the defendants. This being the case, the correctness of the injunctional order is not before us for review.

*By the Court.*— The appeal is dismissed.